**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

vs.

JOHN CLEMENT and EDGEFUND CAPITAL, LLC,

Defendants.

CASE NO. 11cv1034-LAB (WVG)

**TEMPORARY RESTRAINING ORDER**

The SEC accuses John Clement, through his company Edgefund Capital, of running a Ponzi scheme by soliciting over $2 million in investments to two hedge funds, projecting substantial returns and capped losses, and re-distributing investors' money as purported returns. The rest of the money, the SEC alleges, went into a Bank of America account from which Clement drew heavily for extravagant personal expenses, and into a brokerage account that made no profit whatsoever. Clement is charged with violating section 17(a) of the Securities Act, section 10(b) of the Exchange Act, and section 206 of the Advisers Act. Now before the Court is the SEC's application for a temporary restraining order freezing

Clement's and Edgefund's assets and prohibiting the destruction of documents.[1]

The Court is typically guided by the factors set forth in *Winter v. Natural Res. Def. Council, Inc.* in determining whether to grant injunctive relief: "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." 555 U.S. 7, 129 S.Ct. 365, 374 (2008). The *Winter* standard is less applicable in a case like this one, however, because the SEC's status is not that of "an ordinary litigant," but of "a statutory guardian charged with safeguarding the public interest in enforcing the securities laws." *S.E.C v. Management Dynamics, Inc.*, 515 F.2d 801, 808 (2d Cir. 1975). For this reason, irreparable injury can be *presumed* if "the likelihood of future violation of the securities laws has been clearly demonstrated." *Id.* Indeed, under section 21(d) of the Exchange Act, 15 U.S.C. § 78u(d), "the SEC is entitled to a preliminary injunction when it establishes the following: (1) a prima facie case of previous violations of federal securities laws, and (2) a reasonable likelihood that the wrong will be repeated." *S.E.C. v. Unique Financial Concepts, Inc.*, 196 F.3d 1195, 1199 n. 2 (11th Cir. 1999).

The question now before the Court, however, is not whether injunctive relief is justified, but whether *emergency* injunctive relief is. That's the difference between a TRO and a preliminary injunction. "The court may issue a temporary restraining order . . . only if . . . *immediate* and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A) (emphasis added). On the one hand, the Court doesn't see the need for immediate relief here. If the SEC's allegations are true, the jig is pretty much up for Clement and Edgefund Capital. An SEC investigation is well underway, a legal action has been initiated, and the company has no money in the Bank of America account and only $4 in its brokerage account. On top of that,

---

[1] The SEC also asks that the Court prohibit Clement and Edgefund from violating the antifraud provisions of the securities laws, and require an accounting, but neither request necessitates the immediate relief of a TRO. In fact, it is unlikely Clement could even provide an accounting in the short time between the issuance of a TRO and a subsequent adversarial hearing on whether a preliminary injunction should issue.

many of Clement's alleged transgressions — false representations that investors will receive substantial returns and fabricated financial statements, for example — do not appear to be ongoing. The SEC also subpoenaed documents from Clement as far back as July 2010, and his conduct ever since has been evasive by any measure. (Mangolini Decl. ¶¶ 7–25.) The Court struggles to see that now, all of a sudden, an emergency has arisen.

On the other hand, assuming the SEC's allegations to be true, Clement is in very hot water, and the initiation of a legal action against him, coupled with his evasive conduct to date, raises legitimate concerns that he may further dissipate the investors' funds at issue *and* destroy documents that will reveal his alleged violations of the securities laws. The SEC also alleges that in March 2011 Clement stopped paying his investors any returns or distributions, that he is falsely claiming his accounts have been frozen, *and* that he is falsely implying he has been cooperating with the SEC's investigation of Edgefund Capital. On these bases, the Court finds that minimal temporary relief is in order. The SEC has made out a prima facie case that Clement has violated the securities laws, and there is a reasonable likelihood that his some of his violations are ongoing and necessitate emergency relief by the Court. *Unique Financial Concepts*, 196 F.3d at 1199 n. 2. Specifically, the Court finds good cause to freeze the assets of Clement and Edgefund Capital, and to prohibit Clement from destroying documents that are relevant to the SEC's action against him. *See S.E.C. v. Hickey*, 322 F.3d 1123, 1131–32 (9th Cir. 2003).

**IT IS THEREFORE ORDERED:**

**First,** that Defendants Clement and Edgefund Capital, and their officers, agents, servants, employees, attorneys, subsidiaries and affiliates, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are temporarily restrained and enjoined from, directly or indirectly:

A. transferring, assigning, selling, hypothecating, changing, wasting, dissipating, converting, concealing, encumbering, or otherwise disposing of,

in any manner, any funds, assets, securities, claims, or other real or personal property, wherever located, of Defendants Clement and Edgefund Capital; and their subsidiaries or affiliates, including but not limited to The Edge Fund Ltd, LP and The Edgefund LP, owned by, controlled by, managed by or in the possession or custody of any of them; and

B. transferring, assigning, selling, hypothecating, encumbering, or otherwise disposing of any securities, including, but not limited to, any securities of Edgefund Capital, and any of its subsidiaries or affiliates, including but not limited to The Edge Fund Ltd, LP and The Edgefund LP.

It is further ordered that an immediate freeze shall be placed on all monies and assets (with an allowance for necessary and reasonable living expenses to be granted only upon good cause shown by application to the Court with notice to and an opportunity for the Commission to be heard) in all accounts at any bank, financial institution or brokerage firm, all certificates of deposit, and other funds or assets, held in the name of, for the benefit of, and/or over which account authority is held by Clement, Edgefund Capital, The Edge Fund Ltd, LP, The Edgefund LP, or any entity affiliated with any of them, including, but not limited to, the accounts set forth below:

| **Institution Name** | **Account Name** | **Account No.** |
|---|---|---|
| Bank of America | Edgefund Capital, LLC | 24701-71112 |
| Fidelity Investments | John Clement | X34771783 |
| Fidelity Investments | Edgefund Capital LLC John K Clement | Z70689599 |
| Fidelity Investments | John Clement | X34771791 |
| JPMorgan Chase Bank, N.A. | John K Clement | 877609768 |
| Pension Financial | John Clement | 84725480 |

| **Institution Name** | **Account Name** | **Account No.** |
|---|---|---|
| Services, Inc. (Introducing Broker: Thinkorswim, Division of TD Ameritrade, Inc.) | | |
| Penson Financial Services, Inc. (Introducing Broker: Thinkorswim, Division of TD Ameritrade, Inc.) | John Clement | 10979029 |
| Penson Financial Services, Inc. (Introducing Broker: NT Securities, LLC) | John Clement | 27808948 |
| Penson Financial Services, Inc. (Introducing Broker: Golden Beneficial Securities) | John Clement | 17954918 |
| Penson Financial Services, Inc. | John Clement | 38201091 |
| Penson Financial Services, Inc. (Introducing Broker: Lightspeed Trading, LLC) | John Clement | 54045471 |
| Mission Federal Credit Union | Cheryl A. Kilmer | 2671376 |

**Second**, that Defendants Clement and Edgefund Capital, and their officers, agents, servants, employees, attorneys, subsidiaries and affiliates, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are temporarily restrained and enjoined from, directly or indirectly: destroying, mutilating, concealing,

transferring, altering, or otherwise disposing of, in any manner, any documents, which includes all books, records, computer programs, computer files, computer printouts, contracts, correspondence, memoranda, brochures, or any other documents of any kind in their possession, custody or control, however created, produced, or stored (manually, mechanically, electronically, or otherwise), pertaining in any manner to Defendant Edgefund Capital, and its subsidiaries and affiliates, including but not limited to The Edge Fund Ltd, LP and The Edgefund LP.

**Third**, that the SEC serve this Order, along with its entire application for a temporary restraining order and the proposed order it submitted to chambers, on Clement and Edgefund Capital forthwith. The temporary restraining order here issued will expire at **3:00 p.m. on Monday, May 16**. At that time, Clement must appear in Courtroom 9 of the United States District Court for the Southern District of California and show cause why a preliminary injunction should not issue.

**IT IS SO ORDERED**.

DATED: May 13, 2011

Larry A. Burns

**HONORABLE LARRY ALAN BURNS**

United States District Judge