# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>JOHN CLEMENT and EDGEFUND CAPITAL, LLC,<br><br>Defendants. | Case No. 11cv1034-LAB (WVG)<br><br>**JUDGMENT OF PERMANENT INJUNCTION AS TO DEFENDANT JOHN CLEMENT** |

The Securities and Exchange Commission having filed a Complaint and Defendant John Clement ("Clement") having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Judgment:

**I.**

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant Clement and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. § 77q(a), in the offer or sale of any security by the

use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

## II.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Clement and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5, by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

## III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Clement and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or

otherwise are permanently restrained and enjoined from violating, directly or indirectly, while acting as an investment adviser, Sections 206(1), 206(2) and 206(4) of the Investment Advisers Act of 1940 (the "Advisers Act"), 15 U.S.C. §§ 80b-6(1), 80b-6(2) & 80b-6(4), and Rule 206(4)-8 thereunder, 17 C.F.R. § 275.206(4)-8, by using the mails or any means or instrumentality of interstate commerce:

    (a)    to employ any device, scheme, or artifice to defraud any client or prospective client;

    (b)    to engage in any transaction, practice, or course of business which operates as a fraud or deceit upon any client or prospective client; or

    (c)    while acting as an investment adviser to a pooled investment vehicle:

        (1)    to engage in any act, practice or course of business which is fraudulent, deceptive, or manipulative by making any untrue statement of a material fact or omitting to state a material fact necessary to make the statements made, in the light of the circumstances under which they are made, not misleading, to any investor or prospective investor in the pooled investment vehicle; or

        (2)    to otherwise engage in any act, practice, or course of business that is fraudulent, deceptive, or manipulative with respect to any investor or prospective investor in the pooled investment vehicle.

## IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Clement shall pay disgorgement of ill-gotten gains, prejudgment interest thereon, and a civil penalty pursuant to Section 20(d) of the Securities Act, 15 U.S.C. § 77t(d), Section 21(d)(3) of the Exchange Act, 15 U.S.C. § 78u(d)(3), and Section 209(e) of the Advisers Act, 15 U.S.C. § 80b-9(e).  The Court shall determine the amounts of the disgorgement and civil penalty upon motion of the Commission.  Prejudgment interest shall be calculated from April 29, 2011, based on the rate of interest used by the Internal Revenue Service for the underpayment of federal income tax as set forth in 26 U.S.C. § 6621(a)(2).  In connection with the Commission's motion for

disgorgement and/or civil penalties, and at any hearing held on such a motion: (a) Defendant will be precluded from arguing that he did not violate the federal securities laws as alleged in the Complaint; (b) Defendant may not challenge the validity of the Consent or this Judgment; (c) solely for the purposes of such motion, the allegations of the Complaint shall be accepted as and deemed true by the Court; and (d) the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence, without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure.  In connection with the Commission's motion for disgorgement and/or civil penalties, the parties may take discovery, including discovery from appropriate non-parties.

## V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, except as otherwise ordered by this Court, Defendant Clement and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from, directly or indirectly:

    A.    transferring, assigning, selling, hypothecating, changing, wasting, dissipating, converting, concealing, encumbering, or otherwise disposing of, in any manner, any funds, assets, securities, claims, or other real or personal property, wherever located, of Defendants Clement and Edgefund Capital; and their subsidiaries or affiliates, including but not limited to The Edge Fund Ltd, LP and The Edgefund LP, owned by, controlled by, managed by or in the possession or custody of any of them; and

    B.    transferring, assigning, selling, hypothecating, encumbering, or otherwise disposing of any securities, including, but not limited to, any securities of Edgefund Capital, and any of its subsidiaries or affiliates, including but not limited to The Edge Fund Ltd, LP and The Edgefund LP.

///

**VI.**

IT IS FURTHER ORDERED that, except as otherwise ordered by this Court, the previously ordered freeze placed on all monies and assets (with an allowance for necessary and reasonable living expenses to be granted only upon good cause shown by application to the Court with notice to and an opportunity for the Commission to be heard) in all accounts at any bank, financial institution or brokerage firm, all certificates of deposit, and other funds or assets, held in the name of, for the benefit of, and/or over which account authority is held by Clement, Edgefund Capital, The Edge Fund Ltd, LP, The Edgefund LP, or any entity affiliated with any of them, remains in full force and effect and includes, but is not limited to, the accounts set forth below:

| **Institution Name** | **Account Name** | **Account No.** |
|---|---|---|
| Bank of America | Edgefund Capital, LLC | 24701-71112 |
| Fidelity Investments | John Clement | X34771783 |
| Fidelity Investments | Edgefund Capital LLC John K Clement | Z70689599 |
| Fidelity Investments | John Clement | X34771791 |
| JPMorgan Chase Bank, N.A. | John K Clement | 877609768 |
| Penson Financial Services, Inc. (Introducing Broker: Thinkorswim, Division of TD Ameritrade, Inc.) | John Clement | 84725480 |
| Penson Financial Services, Inc. (Introducing Broker: Thinkorswim, Division of TD Ameritrade, Inc.) | John Clement | 10979029 |
| Penson Financial Services, Inc. (Introducing Broker: | John Clement | 27808948 |

| Institution Name | Account Name | Account No. |
|---|---|---|
| NT Securities, LLC) | | |
| Penson Financial Services, Inc. (Introducing Broker: Golden Beneficial Securities) | John Clement | 17954918 |
| Penson Financial Services, Inc. | John Clement | 38201091 |
| Penson Financial Services, Inc. (Introducing Broker: Lightspeed Trading, LLC) | John Clement | 54045471 |
| Mission Federal Credit Union | Cheryl A. Kilmer | 2671376 |

**VII.**

IT IS FURTHER ORDERED that representatives of the Commission are authorized to have continuing access to inspect or copy any or all of the books and records and other documents of Edgefund Capital, The Edge Fund Ltd, LP, The Edgefund LP and any other entities under the control of Clement.

**VIII.**

IT IS FURTHER ORDERED that, except as otherwise ordered by this Court, Defendant Clement and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from, directly or indirectly: destroying, mutilating, concealing, transferring, altering, or otherwise disposing of, in any manner, any documents, which includes all books, records, computer programs, computer files, computer printouts, contracts, correspondence, memoranda, brochures, or any other documents of any kind in their possession, custody or control, however created, produced, or stored (manually, mechanically, electronically, or otherwise), pertaining in any manner to Defendant Edgefund Capital, and its

subsidiaries and affiliates, including but not limited to The Edge Fund Ltd, LP and The Edgefund LP.

### IX.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

### X.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Judgment, and for purposes of determining any additional relief in this case, including the amounts of disgorgement, prejudgment interest and civil penalties.

### XI.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

DATED: September 15, 2011

_____
HONORABLE LARRY ALAN BURNS
UNITED STATES DISTRICT JUDGE