# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | CASE NO. 11cv1034-LAB (WVG) |
| Plaintiff, | **ORDER GRANTING JOINT MOTION FOR FINAL JUDGMENT** |
| vs. | |
| JOHN CLEMENT and EDGEFUND CAPITAL, LLC, | |
| Defendants. | |

About six years ago, John Clement pled guilty to wire fraud and was ordered to pay around $5 million to compensate eleven victims. The Court granted a permanent injunction freezing the funds in 12 of his accounts, entered judgment against Clement, but retained jurisdiction to enforce the judgment and to determine any additional relief.[1]

Last fall, the Court ordered all frozen money in the bank accounts of Clement, Cherly Kilmer, and Scott Clement turned over to the Clerk and added to the restitution fund. The parties filed a joint motion for entry of final judgment. The motion is granted.[2]

In short, the Court permanently restrains Clement, as well as his agents and all persons acting in concert with him, from violating 15 U.S.C. §§ 77q(a), 78j(b), 80b-6(1),(2),(4) and 17 C.F.R. §§ 240.10b-5, 275.206(4)-8. But since the parties have agreed to specific language in a joint proposed order, the Court adopts the parties' more capacious order below.

---

[1] Dkt. 29.

[2] Dkt. 34. This order resolves the ex parte motion for clarification (Dkt. 37) since the Court previously retained jurisdiction to enforce this judgment, and, the motion's unopposed. Standing Order § 8.

\* \* \*

Plaintiff Securities and Exchange Commission ("SEC") having filed a Complaint and Defendant John Clement ("Clement") having entered a general appearance; consented to the Court's jurisdiction over Defendant Clement and the subject matter of this action; consented to entry of a Judgment imposing a permanent injunction without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from that Judgment; the Court having entered the Judgment on September 16, 2011 (Dkt. No. 29); Defendant Clement having pled guilty in the criminal action United States of America v. John Clement, CR-04198 (S.D. Cal.), arising from the same conduct, and been sentenced by Amended Order on May 30, 2012, to pay restitution of $4,941,550.00, among other relief; and Plaintiff SEC having determined not to seek further monetary relief in this action, in light of the restitution order in the criminal action and the turnover of funds frozen in this action to the restitution fund in the criminal action:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant Clement and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933, 15 U.S.C. § 77q(a), in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly: (a) to employ any device, scheme, or artifice to defraud; (b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or (c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

II.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Clement and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5, by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security: (a) to employ any device, scheme, or artifice to defraud; (b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or (c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Clement and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, while acting as an investment adviser, Sections 206(1), 206(2) and 206(4) of the Investment Advisers Act of 1940, 15 U.S.C. §§ 80b-6(1), 80b-6(2) & 80b-6(4), and Rule 206(4)-8 thereunder, 17 C.F.R. § 275.206(4)-8, by using the mails or any means or instrumentality of interstate commerce: (a) to employ any device, scheme, or artifice to defraud any client or prospective client; (b) to engage in any transaction, practice, or course of business which operates as a fraud or deceit upon any client or prospective client; or (c) while acting as an investment adviser to a pooled investment vehicle: (1) to engage in any act, practice or course of business which is fraudulent, deceptive, or manipulative by making any untrue statement of a material fact or omitting to state a material fact necessary to make

the statements made, in the light of the circumstances under which they are made, not misleading, to any investor or prospective investor in the pooled investment vehicle; or (2) to otherwise engage in any act, practice, or course of business that is fraudulent, deceptive, or manipulative with respect to any investor or prospective investor in the pooled investment vehicle.

IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

V.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

* * *

The parties' joint motion to enter final judgment is **GRANTED**. (Dkt. 35.)

**IT IS SO ORDERED**.

DATED: April 13, 2017

_____

**HONORABLE LARRY ALAN Burns**
United States District Judge